# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### Civil Case No.: 0:18-cv-01226 (JRT/LIB)

| | |
|---|---|
| Michelle Kealy *f/k/a* Michelle Mamula, *on behalf of herself and all others similarly situated*, | **DECLARATION OF ADAM R. STRAUSS IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CLASS NOTICE, CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVE** |
| Plaintiff, | |
| vs. | |
| Wings Financial Credit Union, Roquemore Holdings LLC d/b/a Roquemore & Roquemore, John Doe Repossession Companies 1- 10., | |
| Defendant. | |

I, Adam R. Strauss, declare, in accordance with 28 U.S.C. § 1746, under penalty of perjury, as follows:

1.      I am one of the attorneys for Plaintiff Michelle Kealy in the above-referenced matter, along with my co-counsel Thomas J. Lyons, Jr. of the Consumer Justice Center, P.A.

2.      I am submitting this Declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Class Notice, Certification of Settlement Class, and Appointment of Class Counsel and Class Representative based upon my personal knowledge, information, and belief of the facts and information stated herein.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the Settlement Agreement and Release (the "Agreement") between the parties.  The Agreement contains

internal Exhibits A-C, true and correct copies of which are also attached to this Declaration as Exhibits 2-4 as described below.

      4.      Attached hereto as Exhibit 2 is a true and correct copy of the Mail Notice (*this is also "Exhibit B" to the Settlement Agreement*).

      5.      Attached hereto as Exhibit 3 is a true and correct copy of the Proposed Order for Preliminary Approval (*this is also "Exhibit C" to the Settlement Agreement*).

      6.      Attached hereto as Exhibit 4 is a true and correct copy of the Proposed Order for Final Approval (*this is also "Exhibit A" to the Settlement Agreement*).

      7.      Attached hereto as Exhibit 5 is a true and correct copy of the Curriculum Vitae of Adam R. Strauss. My Curriculum Vitae identifies my legal background, professional memberships and associations, educational experience, legal experience, and much more.

      8.      I am a member of the National Association of Consumer Advocates. I am also a member of the Minnesota State Bar Association, specifically the MSBA Consumer Law Section.

      9.      I have been acknowledged as a "Rising Star" by Super Lawyers, an honor which is provided to only 2.5% of attorneys, rated as a "Top Attorney" by Avvo, and was recently nominated and selected as a member of the Consumer Law Council for the Minnesota State Bar Association.

      10.      I have represented plaintiffs in numerous consumer protection matters in both state and federal court with an emphasis on the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and Minnesota Uniform

Commercial Code ("UCC").  I have successfully litigated, briefed, argued, and settled matters under the FDCPA, TCPA, and UCC in both state and federal court and have obtained numerous victories for my clients.

11.     My entire practice is devoted to consumer protection litigation and is extensively focused on illegal debt collection practices in federal court, including wrongful repossession under the Minnesota UCC.

12.     Because federal consumer protection statutes are constantly evolving through updated case law and federal regulations, my practice entails intensive and routine legal research in order to stay up-to-date with any changes in the law.

13.     I have been approved as class counsel in consumer class actions in the District of Minnesota.  *See e.g., Love Stone, et. al. v. Aargon Agency, Inc., et. al.*, No. 0:17-cv-002314 (KMM) [ECF. 41] (D. Minn. 2018); *Clark v. JPMorgan Chase Bank, N.A.*, No. 0:17-cv-01069 (SRN/KMM) [ECF. 42] (D. Minn. Aug. 9, 2018) (Order for Preliminary Approval of *Cobb* notice class action). I am currently co-lead counsel on another *Cobb* notice class action that is currently pending in this District.  *See e.g.*, *Hendrickson, et. al. v. Fifth Third Bank, et. al.*, No.0:18-cv-00086 (WMW/TNL) (D. Minn. 2018).

14.     After the August 13, 2018, Pretrial Conference, Plaintiff was able to confirm the practices of Defendant and the allegations in the Complaint through in-depth written discovery (*including initial disclosures, interrogatories, requests for documents and requests for admissions*).  Moving forward, the parties engaged in several meet and confer conferences in-person, via telephone, and through email correspondence.  The meet and confer conferences focused on detailed and complete discovery, Defendant's practices,

class data and information, damages, and settlement opportunities.  In addition, at least one deposition was taken by Plaintiff in Dallas, TX, to confirm the practices of defendants and the allegations in the Complaint.

15.     Because the parties were willing to engage in open, honest, and cordial meet and confer conferences – *which, the parties did early and often* – the parties were able to expeditiously reach an amicable resolution.

16.     The Parties reached the instant settlement after hard-fought litigation and negotiation, and based upon the information produced by Defendant in discovery.  The settlement occurred after a lengthy mediation conducted by retired United States. Magistrate Judge Arthur Boylan.  Magistrate Judge Boylan served seventeen (17) years as a Magistrate Judge in the District of Minnesota prior to his retirement in 2014. Judge Boylan was named Chief Magistrate Judge in 2010. Prior to the Federal bench, Judge Boylan served more than ten years as a Minnesota State District Court Judge for the Eighth Judicial District.  *See* http://mediation-settlement-arbitration.com/about-arthur-j-boylan/ (Jun. 5, 2019, 6:31 p.m.).

17.     Defendant has agreed that the Settlement Class is defined as the accounts identified by Defendant Wings (1) who were party to vehicle Retail Installment Contract and Security Agreements ("RICs") with Wings that were subject to Minnesota law; and (2) whose vehicles subject to such RICs were repossessed by or on behalf of Wings in Minnesota between May 2, 2015 through May 2, 2018.  Between May 2, 2015 through May 2, 2018, there were a total of 400 unique Minnesota accounts wherein the subject vehicle was repossessed.  Within the 400 accounts, there were approximately forty (40) co-

borrowers.  Therefore, a total of four hundred forty (440) Minnesota consumers with the inclusion of co-borrowers.  Excluded from the class are consumer whose vehicles were repossessed due to death or bankruptcy.

18.     I am confident in the strength of the claims alleged in the Complaint and that Plaintiff and the Class would ultimately prevail at trial.

19.     However, Plaintiff and the Class members face significant risks in taking this matter to trial, including the possibility that the case may be defeated at the summary judgment stage or class certification, and of course the possibility that at trial the fact finder might conclude that Defendant's alleged violation of the FDCPA here were not willful.

20.     Defendant is represented by competent and formidable counsel.  In the end, when the strengths of the Plaintiff's claims are weighed against the legal and factual obstacles present, and the complexity of class action practice, there should be no doubt that the proposed settlement is in the best interest of class members.

21.     Given the value of this settlement, Plaintiff's counsel expects no significant opposition to it by any class member.

22.     I believe we have had ample foundation upon which to evaluate the proposed settlement.  This lawsuit has been pending since May 2, 2018 and the discovery obtained has been substantial.  Therefore, each party had the necessary information to evaluate the strengths and weaknesses of their cases in order to discuss settlement effectively.  Even then the settlement was only reached after mediation and discussions over settlement terms and language.

23.   In its totality, this settlement is well within the range of approval and should be preliminarily approved by this Court.

24.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  June 10, 2019

TARSHISH CODY, PLC

By:   _____
Adam R. Strauss (#0390942)
ars@attorneysinmn.com
6337 Penn Avenue South
Minneapolis, Minnesota 55423
Telephone: (952) 361-5556
Facsimile: (952) 361-5559
**ATTORNEYS FOR PLAINTIFF**