**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:  0:18-cv-01226 (JRT/LIB)**

| | |
|---|---|
| Michelle Kealy *f/k/a* Michelle Mamula, *on behalf of herself and all others similarly situated*,<br><br>            Plaintiff,<br><br>      vs.<br><br>Wings Financial Credit Union, Roquemore Holdings LLC d/b/a Roquemore & Roquemore, John Doe Repossession Companies 1- 10.,<br><br>            Defendant. | **DECLARATION OF THOMAS J. LYONS JR. IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |

I, Thomas J. Lyons Jr., declare:

1. My law firm, Consumer Justice Center P.A., focuses solely on consumer protection and has litigated numerous individual and class actions throughout the country. Attached hereto as Exhibit A is a true and correct copy of the current resume regarding the firm's experience in class action litigation.

2. I have been involved in over 1000 consumer cases in various United States District Courts and specifically the following are examples of class actions in which my firm or myself has be appointed as class counsel to represent consumers: *Jade Johnson and Claude MaGee v. Universal Car Credit Co., Inc. and Jim Lupient Oldsmobile Company*, USDC, Court File No. 3-94-1174; *Davies v. West Publishing Company*, Dakota County District Court, Court File No. 19-C6-99-8478; *David Ofert v. Jacques D.*

*Schira, P.C., Law Office, and Jacques D. Schira, Esq., Individually*, USDC, CV 98-125; *Amy Monson v. Check Guarantee Services, Inc.*, USDC, Court File No. CV 99-1224 MJD/JGL; I*n re American Family Publishers Business Practices Litigation*, MDL Docket No. 1235, District of New Jersey No. 98 CV 3850 (NHP) and *In re American Family Enterprises, et al*, Case No. 99-41774(RG) (State of Minnesota class counsel); *Byrd v. Metropolitan Corporation*, Hennepin County District Court, Court File No.:  CT 00-016055; *Reinke v. Harold Chevrolet*, Hennepin County District Court, CT 01-001519; *Avent and Clay v. Alandale Corporation,* Hennepin County District Court, Court File No.:  CT00-7438;  *Sheryl Lynn Logan et. al. v. Norwest Bank  of Minnesota, N.A.*, Hennepin Co. Dist. Court File #94-018688; *Domzalski v. Coldata*, USDC, Court File No.:  01-1883 DSD/SRN; *Jancik v. Account Services*, USDC Western District of Texas – San Antonio Division, C.A. SA-04-CA-0097 RF;  *Baier, et al v. FleetBoston Financial*, USDC EDPA, 04-0507;  *Keener, et al v. Sears Roebuck,* EDCV-03-01265-RT (SGLx)**;** *Thinesen v. JBC Legal Group, et al*, USDC Minnesota, CV 05-518 DWF/JSM; *Nienaber v. Citibank,* USDC Southern District of South Dakota, 2007 WL 5404595;  *Jancik v. Cavalry Portfolio Services, LLC*, No. 06-3104 (D.Minn. July 3, 2007); *Drinkman v. Encore*, USDC Western District of Wisconsin, 07-CV-363-S, December 3, 2007; *Brower v. Financial Crime Services, LLC*, No. 06-cv-4237 (D.Minn. July 25, 2007); *Sleezer v. Chase Bank USA, N.A.*, Civ. No. SA-07-CA-0961 (W.D. Tex. 2009); *DeLa Cruz-Martinez & Porter v. Hellmuth & Johnson*, 08-CV-4289 PJS/FLN USDC Minnesota (July 23, 2009); S*utton v. FCA Restaurant Co., LLC,* 08-cv-05122, USDC District of Minnesota (September 16, 2009);  *Johnson v. Kleinsmith & Associates, P.C.*, No. 3:09-

cv-03, USDC Eastern District of North Dakota (October 14, 2009); *Pobuda v. Financial Crimes*, 09-cv-1227 DSD/AJB, USDC District of Minnesota (March 11, 2010); *Ebert v. Warner Stellian*, 11-cv-2325 JRT/SER, USDC District of Minnesota (September 19, 2012); *Thompson v. NCA, et al,* 10-cv-2307 SRN/FLN, USDC District of Minnesota (October 24, 2012); *Fischbach v. Pinnacle*, 11-1925 JJK, USDC District of Minnesota (November 16, 2012); *Johnson v. BlackRidgeBANK*, 11-cv-2367 LIB, USDC District of Minnesota (December 28, 2012); *Tandeski v. Coulter*, 3:12-00069-KKK, USDC District of North Dakota (March 4, 2013); *Hupperts v. APOGEE, et al*, 12-cv-915 JNE/TNL, District of Minnesota (April 18, 2013); *Fouks v. Red Wing Hotel*, 12-cv-2160 JNE/FLN, District of Minnesota (June 14, 2013); *Hartley v. Suburban, et al*, 11-cv-2664 JRT/JJG, District of Minnesota (September 30, 2013); *Rouse v. Hennepin County*, 12-cv-326 DWF/SER, District of Minnesota (May 5, 2014); *Gawarecki v. ATM Network*, 11-cv-1923 SRN/JJG, District of Minnesota (June 10, 2014; *Schmitt v. Cornerstone Parking*, 13-cv-2289 DWF/SER, District of Minnesota (June 19, 2014); *St. Clair v. MRB*, 12-cv-1572 MJD/JSM, District of Minnesota (July 9, 2014); *Smith v. Thrift Stores et al*, 1:13-cv-02455-BPG, District of Maryland (October 1, 2014); *Walsh v. Prosser*, 12-cv-2823 PJS/HB, District of Minnesota (October 28, 2014); *Arend v. Innovative*, 14-cv-1243 HB, District of Minnesota (October 31, 2014); *Lund v. John's Pizza*, 14-cv-63 SER, District of Minnesota (November 13, 2014); *Broberg v. DebtArbitrators*, 13-cv-2131 TNL, District of Minnesota (November 5, 2014); B*arton v. SLS*, 13-cv-2366 SRN/FLN, District of Minnesota (November 24, 2014); *Rosen v. Spirit Airlines*, 15-61375-CIV-COHN/SELTZER, Southern District of Florida (October 27, 2015); *Crofoot v. Center for*

*Diagnostic Imaging, et al*, 13-cv-3455 TNL, District of Minnesota (November 20, 2015); *Conradie v. Caliber Home Loans*, 4:14-cv-00430-SBT, Southern District of Iowa (December 21, 2015); *Eggen v. WESTconsin,* 14-cv-873-bbc, Western District of Wisconsin (February 26, 2016); *Cassidy v. Active Sports*, 14-cv-3022 SER, District of Minnesota (April 6, 2016); *Nelson v. BMW Financial et al,* 15-cv-2661 SER, District of Minnesota (March 8, 2017); *Spuhler et al v. State Collection,* 2:16-cv-1149-NJ, Eastern District of Wisconsin (October 26, 2017); *Vonasek v. BOTW, et al,* 16-cv-342-DTS, District of Minnesota (January 30, 2018); *Swenson v. WESTconsin*, 16-cv-2344 MJD/HB, District of Minnesota (February 28, 2018); *Rizzo v. Kohn Law Firm*, 17-cv-408-jdp, Western District of Wisconsin (July 18, 2018); *Clark v. JP Morgan Chase, et al*, 17-cv-01069 SRN/KMM, District of Minnesota (December 12, 2018); *Blanks v. Machol v. Johannes*, 1:18-cv-02291-CMA-KMT, District of Colorado (February 13, 2019); *Busch v. Bluestem Brands*, 16-cv-0644 WMW/HB, District of Minnesota (May 3, 2019); *Simmons v. Jeremy B.A. Feitelson, et al*, 4:18-cv-206-JAJ-CFB, Southern District of Iowa (May 9, 2019); and *Kealy v. Wings Financial et al*, 18-cv-1226 JRT/LIB, District of Minnesota (July 1, 2019).

3.  I have represented consumers in federal courts around the country on a *pro hac vice* basis, such as Southern District of Florida, Southern District of Iowa, Northern District of Illinois, and the Central District of California.

4.  I received my Juris Doctorate from the University of Minnesota Law School in 1994. I was admitted to practice in Minnesota in 1994. I am currently a member of that bar in good standing.

5. As of the date of this Declaration I have received no opt out requests nor am I aware of any objections to the class action settlement.

6. The schedule for the hourly rate charged by the Consumer Justice Center P.A. ("CJC") attorneys are listed below in Paragraph 8. The rates are comparable to hourly rates being charged by consumer class action attorneys in this District and within the range charged by attorneys with comparable experience levels for consumer litigation of a similar nature. *See Roth v. Life Time Fitness,* Civil No. 16-2476 (JRT) (D. Minn. July 22, 2019). (Attached hereto as Exhibit C).

7. The *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) twelve factors that may be considered in calculating my lodestar includes:

(a) the time and labor required (my declaration, the time records attached as well as the docket demonstrate the extensive labor required to bring this case to a successful conclusion for all 400 class members);

(b) the novelty and difficulty of the questions. The Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq., encompasses an ever-expanding body of law both at the district and circuit court level;

(c) the skill requisite to perform the legal service properly. Federal court class action litigation is difficult and requires significant knowledge of the Rules of Civil Procedure and complex litigation experience;

(d) the preclusion of employment by the attorney due to acceptance of the case; The case was time consuming and lasted over a year;

(e) the customary fee and (f) whether the fee is fixed or contingent. I undertook

CASE 0:18-cv-01226-JRT-LIB   Doc. 35   Filed 08/09/19   Page 6 of 9

representation of this matter on a contingency basis and Ms. Kealy has not paid me any amount for my services to date;

(g) time limitations imposed by the client or the circumstances. As demonstrated by the time records taking on this class action litigation effort was time consuming for a small/solo attorney firm;

(h) the amount involved, and the results obtained. The potential exposure for the Defendants if Plaintiff was able to demonstrate reckless or willful conduct could have resulted in possible punitive damages. As it stands the 400 class members will each substantially benefit from the cash/credit settlement.

(i) the experience, reputation, and ability of the attorney. This declaration outlines these attributes and in addition I have been acknowledged as a "leading member of the local consumer protection bar," see *Lamberson v. Bank of America*, 2012 WL 4129807 (D. Minn,. Sept. 19, 2012) and "leading attorney[s] in the field of consumer protection law with a national practice." *Gorton v. Debt Equities*, Civ. No. 08-4817 (D. Minn. July 29, 2019);

(j) the "undesirability" of the case. FDCPA cases and the attorneys who have brought them have been criticized in this District. These cases are considered by some to be less than desirable; and

(k) the nature and length of the professional relationship with the client. This was the first time that myself or my firm has represented Plaintiff.

8. The lodestar devoted to the case by the CJC for work performed with respect to this contested case is as follows:

6

| **Attorneys** | **Hourly Rate** | **Hours** | **Fees** |
|---|---|---|---|
| Thomas J. Lyons, Jr. | $450.00 | 92.37 | $41,566.28 |
| **TOTAL FEES INCURRED TO DATE:** | | | **$41,566.28** |

(*See* attached Exhibit B – Time and Billing Records)

9. Finally, as indicated above, I anticipate there will be future work that myself, and my office staff will undertake to see this class action settlement to completion. I expect approximately twenty (20) additional hours. Specifically, there will be preparation for and an appearance at the October 7, 2019, Final Approval Hearing, responding to class members' questions, coordination and overseeing of the class administration process for distribution of settlement funds, overseeing Defendants' updating of the 400 class members credit reports, along with reviewing and calculating the total checks to come up with the *cy pres* award consistent with the settlement agreement.

10. A total of **$5,770.49** in non-reimbursed expenses incurred in connection with the prosecution of this litigation. These expenses are broken down as follows:

*EXPENSES*

From the inception of this litigation through July 2019:

| **CJC:** | |
|---|---|
| APS Financial – Court Reporter | $1,876.89 |
| Thomas J. Lyons Jr. Travel Expense 10.19.18 | 893.60 |
| Arthur J Boylan ADR LLC | 3,000.00 |
| **TOTAL** | **$5,770.49** |

11. Further, in an effort to continue to demonstrate my qualifications as class counsel, reputation and standing in the District please note that the Court granted Plaintiff's contested Motions for Class Certification in *Hartley et al v. Suburban Radiologic Consultants, et al*, 11-cv-2664 JRT/JJG, dated September 30, 2013 (*ECF No. 56*) and *Gawarecki, et al v. ATM Network*, 11-cv-1923 SRN/JJG, dated June 10, 2014 (*ECF No. 85*). In both cases I was designated as lead class counsel.

12. Similarly, in a contested motion for class certification Judge Barbara Crabb certified me as lead class counsel in *Eggen v. WESTconsin*, 3:14-cv-00873-bbc, Western District of Wisconsin (February 26, 2016). And in addition, Magistrate Nancy Joseph certified me as class counsel in the contested class certification motion in *Spuhler v. State Collection*, 16-cv-1149, Eastern District of Wisconsin (October 26, 2017)(*ECF No. 74*).

13. Also, I have been co-lead counsel in several consumer protection cases which resulted in multi-million-dollar settlements. See *Rosen v. Spirit Airlines*, 15-61375-CIV-COHN/SELTZER, Southern District of Florida (October 27, 2015); *Nelson v. BMW Financial et al,* 15-cv-2661 SER, District of Minnesota (March 8, 2017); *Clark v. JP Morgan Chase, et al*, 17-cv-01069 SRN/KMM, District of Minnesota (December 12, 2018); and *Busch v. Bluestem Brands*, 16-cv-0644 WMW/HB, District of Minnesota (May 3, 2019).

I, Thomas J. Lyons Jr., declare under penalty of perjury that the above statements are true and correct to the best of my knowledge, recollection and belief.

Dated this 9th day of August, 2019.

*s/Thomas J. Lyons Jr.*
Thomas J. Lyons Jr.
Attorney I.D. No. 0249646
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  651-770-9707
tommy@consumerjusticecenter.com

*ONE OF THE ATTORNEYS FOR PLAINTIFF
AND THE CLASS*
