# EXHIBIT A

# CURRICULUM VITAE

*Thomas J. Lyons Jr.*
*Consumer Justice Center, P.A.*
*367 Commerce Court, Vadnais Heights, Minnesota 55127*
*Telephone: (651) 770-9707  Facsimile: (651) 704-0907  Toll Free: (800) 477-6910*
*Website: www.consumerjusticecenter.com*

## AREAS OF PRACTICE

- **Equal Credit Opportunity Act**
- **Fair Debt Collection Practices Act**
- **Fair Credit Reporting Act**
- **Telephone Consumer Protection Act**
- **Invasion of Privacy**
- **Electronic Funds Transfer Act**
- **Fair and Accurate Credit Transaction Act**
- **Numerous State law litigation including class actions involving:**
  Usury, salvaged vehicles, retail installment contract fraud, odometer fraud and consumer fraud.
- **Truth In Lending Act**
- **Wrongful Repossession litigation**

## CLASS ACTION INVOLVEMENT

The Consumer Justice Center attorneys have been approved as Class Counsel in the following cases:

- Jade Johnson and Claude MaGee v. Universal Car Credit Co., Inc. and Jim Lupient Oldsmobile Company, USDC, Court File No. 3-94-1174;
- Davies v. West Publishing Company, Dakota County District Court, Court File No. 19-C6-99-8478;
- David Ofert v. Jacques D. Schira, P.C., Law Office, and Jacques D. Schira, Esq., Individually, USDC, CV 98-125;
- Amy Monson v. Check Guarantee Services, Inc., USDC, Court File No. CV 99-1224 MJD/JGL;
- In re American Family Publishers Business Practices Litigation, MDL Docket No. 1235, District of New Jersey No. 98 CV 3850 (NHP) and In re American Family Enterprises, et al, Case No. 99-41774(RG) (State of Minnesota class counsel);
- Byrd v. Metropolitan Corporation, Hennepin County District Court, Court File No.: CT 00-016055;

- <u>Reinke v. Harold Chevrolet</u>, Hennepin County District Court, CT 01-001519;
- <u>Avent and Clay v. Alandale Corporation</u>, Hennepin County District Court, Court File No.: CT00-7438;
- <u>Sheryl Lynn Logan et. al. v. Norwest Bank  of Minnesota, N.A.</u>, Hennepin Co. Dist. Court File #94-018688;
- <u>Domzalski v. Coldata</u>, USDC, Court File No.:  01-1883 DSD/SRN;
- <u>Remely v. Etan General</u>, USDC Northern District of Texas, Court File No.: 3:01-cv-02658 (March 26, 2004);
- <u>Jancik v. Account Services</u>, USDC Western District of Texas – San Antonio Division, C.A. SA-04-CA-0097 RF;
- <u>Baier, et al v. FleetBoston Financial</u>, USDC EDPA, 04-0507;
- <u>Keener, et al v. Sears Roebuck</u>, EDCV-03-01265-RT (SGLx);
- <u>Thinesen v. JBC Legal Group, et al</u>, USDC Minnesota, CV 05-518 DWF/JSM;
- <u>Nienaber v. Citibank</u>, USDC Southern District of South Dakota, 2007 WL 5404595;
- <u>Jancik v. Cavalry Portfolio Services, LLC</u>, No. 06-3104 (D.Minn. July 3, 2007);
- <u>Drinkman v. Encore</u>, USDC Western District of Wisconsin, 07-CV-363-S, December 3, 2007;
- <u>Brower v. Financial Crime Services, LLC</u>, No. 06-cv-4237 (D.Minn. July 25, 2007);
- <u>Sleezer v. Chase Bank USA, N.A.</u>, Civ. No. SA-07-CA-0961 (W.D. Tex. 2009);
- <u>DeLa Cruz-Martinez & Porter v. Hellmuth & Johnson</u>, 08-CV-4289 PJS/FLN USDC Minnesota (July 23, 2009);
- <u>Sutton v. FCA Restaurant Co., LLC</u>, 08-cv-05122, USDC District of Minnesota (September 16, 2009);
- <u>Johnson v. Kleinsmith & Associates, P.C.</u>, No. 3:09-cv-03, USDC Eastern District of North Dakota (October 14, 2009);
- <u>Pobuda v. Financial Crimes</u>, 09-cv-1227 DSD/AJB, USDC District of Minnesota (March 11, 2010);
- <u>Ebert v. Warner Stellian</u>, 11-cv-2325 JRT/SER, USDC District of Minnesota (September 19, 2012);
- <u>Thompson v. NCA, et al,</u> 10-cv-2307 SRN/FLN, USDC District of Minnesota (October 24, 2012);
- <u>Fischbach v. Pinnacle</u>, 11-1925 JJK, USDC District of Minnesota (November 16, 2012);
- <u>Johnson v. BlackRidgeBANK</u>, 11-cv-2367 LIB, USDC District of Minnesota (December 28, 2012);

2

- Tandeski v. Coulter, 3:12-00069-KKK, USDC District of North Dakota (March 4, 2013);
- Hupperts v. APOGEE, et al, 12-cv-915 JNE/TNL, District of Minnesota (April 18, 2013);
- Fouks v. Red Wing Hotel, 12-cv-2160 JNE/FLN, District of Minnesota (June 14, 2013);
- Hartley v. Suburban, et al, 11-cv-2664 JRT/JJG, District of Minnesota (September 30, 2013);
- Rouse v. Hennepin County, 12-cv-326 DWF/SER, District of Minnesota (May 5, 2014);
- Gawarecki v. ATM Network, 11-cv-1923 SRN/JJG, District of Minnesota (June 10, 2014;
- Schmitt v. Cornerstone Parking, 13-cv-2289 DWF/SER, District of Minnesota (June 19, 2014); and
- St. Clair v. MRB, 12-cv-1572 MJD/JSM, District of Minnesota (July 9, 2014);
- Smith v. Thrift Stores et al, 1:13-cv-02455-BPG, District of Maryland (October 1, 2014);
- Walsh v. Prosser et al, 12-cv-02823 PJS/HB, District of Minnesota (October 27, 2014);
- Arend v. Innovative, 14-cv-01243-HB, District of Minnesota (October 31, 2014);
- Broberg v. DebtArbitrators, 13-cv-2131 TNL, District of Minnesota (November 5, 2014);
- Lund v. Johns Pizza, 14-cv-63 SER, District of Minnesota (November 13, 2014);
- Barton v. SLS, 13-cv-2366 SRN/FLN, District of Minnesota (June 1, 2015);
- Rosen v. Spirit Airlines, 15-61375-CIV-COHN/SELTZER, Southern District of Florida (October 27, 2015);
- Crofoot v. Center for Diagnostic Imaging, et al, 13-cv-3455 TNL, District of Minnesota (November 20, 2015);
- Conradie v. Caliber Home Loans, 4:14-cv-00430-SBT, Southern District of Iowa (December 21, 2015);
- Eggen v. WESTconsin, 14-cv-873-bbc, Western District of Wisconsin (February 26, 2016);
- Cassidy v. Active Sports, 14-cv-3022 SER, District of Minnesota (April 6, 2016);
- Nelson v. BMW Financial et al, 15-cv-2661 SER, District of Minnesota (March 8, 2017);
- Spuhler v. State Collection Services, 2:16-cv-1149-NJ, E.D. Wisconsin (October 26, 2017);
- Vonasek v. BOTW, et al, 16-cv-342-DTS, District of Minnesota (January 30, 2018);

3

- <u>Swenson v. WESTconsin,</u> 16-cv-2344 MJD/HB, District of Minnesota (February 28, 2018);
- <u>Love Stone v. Aargon Agency,</u> 17-cv-2314-KMM, District of Minnesota (May 15, 2018);
- <u>Rizzo v. Kohn Law Firm,</u> 17-cv-408-jdp, Western District of Wisconsin (July 18, 2018);
- <u>Clark v. JP Morgan Chase Bank, et al,</u> 17-cv-01069 SRN/KMM, District of Minnesota (December 12, 2018);
- <u>Blanks v. Machol Johannes,</u> 1:18-cv-02291-CMA-KMT, District of Colorado (February 13, 2019);
- <u>Busch v. Bluestem Brands,</u> 16-cv-0644 WMW/HB, District of Minnesota (May 3, 2019);
- <u>Simmons v. Jeremy B.A. Feitelson, et al,</u> 4:18-cv-206-JAJ-CFB, Southern District of Iowa (May 9, 2019); and
- <u>Kealy v. Wings Financial, et al,</u> 18-cv-1226 JRT/LIB, District of Minnesota (July 1, 2019).

## CY PRES AWARDS

The Consumer Justice Center, while serving as Class Counsel, has negotiated the following Cy Pres Awards:

**2003:**
- **$7,121** as Cy Pres Award to the Minnesota Legal Services Coalition, St. Paul, Minnesota arising out of <u>Remely v. Etan General, Inc</u>. litigation;
- **$11,824** as Cy Pres Award to the National Consumer Law Center arising out of <u>Domzalski v. Coldata, Inc.</u> litigation;

**2005:**
- **$50,000** as Cy Pres Award to Consumer Bankruptcy Assistance Project and the Consumer Credit Counseling Service of Delaware Valley arising out of <u>Baier, et al v. FleetBoston Financial</u> litigation;

**2007:**
- **$3,880** as Cy Pres Award to the Fund for Legal Aid arising out of <u>Brower v. Financial Crimes Services</u> litigation;
- **$50,000** as Cy Pres Award to the Minnesota Chapter of the Federal Bar Association, **$75,000** as Cy Pres Award to the South Dakota Bar Foundation, **$12,500** as Cy Pres Award to the Philadelphia Bar Foundation, **$12,500** as Cy Pres Award to National Consumer Law Center, and **$150,000** as Cy Pres Award to the

4

South Dakota Community Foundation, arising out of <u>Nienaber v. Citibank</u> litigation;

- **$4,216.70** as Cy Pres Award to the University of Wisconsin, Madison Law School Consumer Law Clinic, arising out of <u>Drinkman v. Encore</u> litigation;

**2009:**

- **$6,920.04** as Cy Pres Award to the Legal Aid Society of Minneapolis arising out of <u>DeLa Cruz-Martinez & Porter v. Hellmuth & Johnson</u> litigation;

**2010:**

- **$833.34** as Cy Pres Award to the North Dakota State Bar Association arising out of <u>Johnson v. Kleinsmith & Associates, P.C.</u>;

**2013:**

- **$17,700** as Cy Pres Award to the United Hospital arising out of <u>Thompson v. NCA</u>;
- **$10,000** as Cy Pres Award to the Legal Services of North Dakota arising out of <u>Tandeski v. Coulter</u>;
- **$4,954.25** as Cy Pres Award to the MN Chapter Federal Bar Association arising out of <u>Fischbach v. Pinnacle</u>;
- **$50,000** as Cy Pres Award to Randy Shaver Cancer Research and Community Fund arising out of <u>Ebert, et al. v. Warners' Stellian</u>;
- **$21,525** as Cy Pres Award to the Brainerd YMCA arising out of <u>Johnson v. Blackridge</u>;
- **$20,000** as Cy Pres Award to the Red Wing Environmental Learning Center arising out of <u>Fouks v. Red Wing Hotel</u>; and
- **$1,249.82** as Cy Pres Award to the Minnesota Disability Law Center arising out of <u>Hartley v. Suburban</u>.

**2015:**

- **$7,500** as Cy Pres Award to the University of Minnesota Amplatz Children's Hospital arising out of <u>Schmitt v. Cornerstone</u>;
- **$209,476,** including **$62,842** as Cy Pres Award to American Veterans Foundation Inc. arising out of <u>Smith v. Thrift Stores</u>;
- **$22,876.83** as Cy Pres Award to the Federal Pro Se Project of the United States District Court for the District of Minnesota arising out of <u>St. Clair v. MRB</u>;
- **$675.00** as total Cy Pres Award, which includes $337.50 to The Haitian Project and $447.50 to the Kipp Foundation, arising out <u>Walsh v. Prosser</u>;
- **$700.00** as total Cy Pres Award to the Northfield Women's Center arising out of <u>Arend v. Innovative</u>; and
- **$8,976.00** as total Cy Pres Award to Lutheran Social Services arising out of <u>Broberg v. DebtArbitrators.</u>

**2016:**

- **$22,015** as total Cy Pres Award to the Federal Pro Se Project arising out of Crofoot v. Center for Diagnostic Imaging.

**2017:**
- **$247,522.12** as total Cy Pres Award with half going to U.S. PIRG (Public Interest Research Group) and half to the Sedona Conference, Working Group 11, Data Security and Privacy Liability arising out of Rosen and Legg v. Spirit Airlines;
- **$68,781.84** as total Cy Pres Award to the Polk County Bar Association arising out of Conradie v. Caliber Homes;
- **$50,000** as total Cy Pres Award to Goodwill arising out of Cassidy v. Active Sports; and
- **$112,445.73** as total Cy Pres Award to Legal Action of Wisconsin arising out of Eggen v. WESTconsin.
  https://www.jsonline.com/story/news/local/wisconsin/2017/12/15/how-wisconsin-legal-service-poor-came-into-unexpected-windfall/948730001/

**2018:**
- **33,109.07** as total Cy Pres Award to West Central Wisconsin Community Action Agency Inc. arising out of Swenson v. WESTconsin.

**2019:**
- **24,705.45** as total Cy Pres Award to Federal Pro Se Project of the United States District Court for the District of Minnesota arising out of Nelson v. Repossessors, et al; and
- **$26,856** as total Cy Pres Award to the UofM Law Consumer Clinic arising out of LoveStone v. Aargon.


❖ *Cy Pres awards recovered in excess of $800,000.*

# EXHIBIT B

8/7/2019                    Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
10:51 AM                                  Pre-bill Worksheet                              Page     1

---

## Selection Criteria

| | |
|---|---|
| Slip.Classification | Open |
| Clie.Selection | Include: Kealy, Michelle |

8/7/2019
10:51 AM

Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
Pre-bill Worksheet

Page    2

Nickname        Kealy, Michelle | 11288
Full Name       Michelle Kealy
Address
Phone                                   Fax
Home                                    Other
In Ref To
Fees Arrg.      By billing value on each slip
Expense Arrg.   By billing value on each slip
Tax Profile     Exempt
Last bill
Last charge     8/7/2019
Last payment                            Amount        $0.00

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/18/2017 1041779 | Tommy Lyons File Review | 450.00 | 0.55 | 245.50 | Billable |
| | File Review - review voicemail messages and then call with co-counsel | | | | |
| 12/22/2017 1043952 | Tommy Lyons File Review | 450.00 | 1.02 | 459.50 | Billable |
| | File Review and call with Adam about Answer or Answer and countercliam in state court vs. federal FDCPA case - then go over facts and law again to discuss COBB claims | | | | |
| 4/4/2018 1044819 | Tommy Lyons Review | 450.00 | 1.88 | 848.13 | Billable |
| | Review of class action complaint | | | | |
| 5/2/2018 1044994 | Tommy Lyons File Review | 450.00 | 0.45 | 203.88 | Billable |
| | File Review and call with Adam to go over final version of class action complaint | | | | |
| 5/30/2018 1045237 | Tommy Lyons Telephone | 450.00 | 0.67 | 300.88 | Billable |
| | call with Chris Morris for Wings CU & service date / file review and call to client | | | | |
| 6/4/2018 1045281 | Tommy Lyons Review | 450.00 | 1.32 | 595.00 | Billable |
| | Review Defendant's Answer to the class action complaint - then emails to and from Chris Morris about setting up time to discuss the case | | | | |
| 7/2/2018 1045552 | Tommy Lyons Review | 450.00 | 1.40 | 632.13 | Billable |
| | Review Answer of Roquemore /then email to Anthony Parker on who the repo agent was | | | | |
| 7/5/2018 1045586 | Tommy Lyons Telephone | 450.00 | 0.35 | 157.75 | Billable |
| | calls back and for with Tony Edwards about repo agent....then call to client for update | | | | |

8/7/2019                    Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
10:51 AM                                    Pre-bill Worksheet                                    Page      3

Kealy, Michelle:Michelle Kealy (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 7/23/2018 1045792 | Tommy Lyons Rule 26(f) file review and then go over LIB initial order  and then drafting and editing the Rule 26f report | 450.00 | 1.53 | 690.25 | Billable |
| 7/30/2018 1045861 | Tommy Lyons Rule 26(f) telephone call with the parties to go over draft report and discuss the case | 450.00 | 0.62 | 277.75 | Billable |
| 8/6/2018 1045940 | Tommy Lyons Rule 26(f) review Defendant's redlines and then drafting the Plaintiff's statement of facts and confidential settlement letter to LIB.  then review pretrial order again to make sure we have everything covered.  then discuss discovery jobs with Adam. | 450.00 | 1.97 | 887.25 | Billable |
| 8/6/2018 1045951 | Tommy Lyons Rule 26(f) more back and forth on the 26f and then new information about Roquemore and insurance coverage. and disputes about telephone calls. | 450.00 | 0.37 | 168.13 | Billable |
| 8/8/2018 1045976 | Tommy Lyons Rule 26(f) review of Defendant's edits to the report and shoot back final edits from Plaintiff and tell them to file. | 450.00 | 0.37 | 167.00 | Billable |
| 8/13/2018 1046034 | Tommy Lyons Rule 16 travel to Duluth for Rule 16 with LIB - then discuss with Adam the Rule 26a1 are due today | 450.00 | 4.56 | 2,051.75 | Billable |
| 8/13/2018 1046036 | Tommy Lyons Rule 16 review statement of the case of Roquemore | 450.00 | 0.53 | 237.00 | Billable |
| 8/13/2018 1046037 | Tommy Lyons Rule 16 review statement of case of Wings | 450.00 | 0.51 | 231.25 | Billable |
| 8/13/2018 1046041 | Tommy Lyons Rule 26(a)(1) editing and drafting plaintiff's initial disclosures and review documents to be produced | 450.00 | 1.22 | 550.13 | Billable |
| 8/14/2018 1046056 | Tommy Lyons Rule 26(a)(1) review Roquemore initial disclosures / then do some additional research on the agents identified | 450.00 | 0.86 | 385.75 | Billable |
| 8/15/2018 1046077 | Tommy Lyons Rule 16 review LIB pretrial scheduling order | 450.00 | 0.41 | 182.63 | Billable |

8/7/2019                    Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
10:51 AM                                    Pre-bill Worksheet                                    Page      4

Kealy, Michelle:Michelle Kealy (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-----------------|---------------|----------------|----------------|-------|
| 8/21/2018 1046157 | Tommy Lyons<br>Discovery<br>drafting discovery to Rouquemore | 450.00 | 1.81 | 812.63 | Billable |
| 8/21/2018 1046158 | Tommy Lyons<br>Discovery<br>drafting discovery to Wings | 450.00 | 2.06 | 928.13 | Billable |
| 8/24/2018 1046205 | Tommy Lyons<br>deposition preparation<br>drafting deposition for Defendant Roquemore reps in Dallas - then make travel arrangements | 450.00 | 0.77 | 347.00 | Billable |
| 9/6/2018 1046336 | Tommy Lyons<br>Discovery<br>review Adam's edits and then drafting 30b6 notice to Roquemore | 450.00 | 1.88 | 844.38 | Billable |
| 9/24/2018 1046551 | Tommy Lyons<br>File Review<br>File Review, then responding to emails to Defendant about Dallas depositions.  then Check FRCP and respond that the depositions will remain in Dallas | 450.00 | 0.46 | 207.38 | Billable |
| 9/24/2018 1046552 | Tommy Lyons<br>Discovery<br>review Defendant Wings initial disclosures and written discovery served on plaintiff / then outline responses and tell Adam that CJC will work on those with client | 450.00 | 1.05 | 470.25 | Billable |
| 10/4/2018 1046648 | Tommy Lyons<br>Discovery<br>telephone with client about responses to Wings discovery requests. then email to morris to get 1 week extension | 450.00 | 1.39 | 623.50 | Billable |
| 10/14/2018 1046731 | Tommy Lyons<br>Stipulation<br>review proposed protective order and then Adam gives ok to s/ and file. | 450.00 | 0.51 | 230.50 | Billable |
| 10/15/2018 1046754 | Tommy Lyons<br>Discovery<br>review Roquemore's discovery responses and documents #1-260 | 450.00 | 2.84 | 1,280.00 | Billable |
| 10/15/2018 1046760 | Tommy Lyons<br>Review<br>Review / listen to all the audio recordings produced by Defendant R&R (19 total) -then compare to our calls.  R&R has not produced all the calls we have / call Adam to discuss | 450.00 | 1.44 | 649.50 | Billable |
| 10/16/2018 1046778 | Tommy Lyons<br>deposition preparation<br>pulling exhibits for Friday depo in Dallas and then email to opposing counsel confirmation of start time.  Then create disc of audio calls that I will use in deposition and also outline questions. then emails to and from | 450.00 | 4.61 | 2,074.38 | Billable |

8/7/2019                     Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
10:51 AM                                    Pre-bill Worksheet                                    Page      5

Kealy, Michelle:Michelle Kealy (continued)

| Date | Timekeeper | Rate | Hours | Amount | Total |
|------|------------|------|-------|--------|-------|
| ID | Task | Markup % | DNB Time | DNB Amt | |
| | Tony about 30b6 depo too in Dallas | | | | |
| 10/17/2018 | Tommy Lyons | 450.00 | 1.13 | 509.13 | Billable |
| 1046821 | deposition preparation | | | | |
| | drafting question for depositions and then discuss audio tape recording use with court reporter / then email to Tony about only 2 depositions on Friday | | | | |
| 10/18/2018 | Tommy Lyons | 450.00 | 4.46 | 2,008.13 | Billable |
| 1046836 | Deposition | | | | |
| | Deposition of Agents Mcatee and Weaver in Dallas | | | | |
| 10/21/2018 | Tommy Lyons | 450.00 | 0.39 | 173.50 | Billable |
| 1046838 | Review | | | | |
| | Review LIB protective order | | | | |
| 10/22/2018 | Tommy Lyons | 450.00 | 0.67 | 302.88 | Billable |
| 1046839 | Discovery | | | | |
| | drafting new discovery to Roquemore concerning paid/current status | | | | |
| 10/23/2018 | Tommy Lyons | 450.00 | 0.31 | 140.13 | Billable |
| 1046872 | Telephone | | | | |
| | call with Adam about the 12/5 hearing date change by the court and then respond to Chambers. | | | | |
| 11/7/2018 | Tommy Lyons | 450.00 | 4.70 | 2,115.13 | Billable |
| 1047066 | Discovery | | | | |
| | review Wings supplemental discovery responses and then compare to previouslsy served documents W001-192 -and review the protective order entered by the Court on 10/18/18 - then Rule 37.1 letter to MOrris. Also email to Roquemore about the telephone number that may not be correct in Plaintiff's pleadings | | | | |
| 11/26/2018 | Tommy Lyons | 450.00 | 2.19 | 984.13 | Billable |
| 1047242 | Discovery | | | | |
| | review Roquemore's discovery responses to 2nd set - then review new documents #RH00261-263 - then call with Adam to discuss settlement demand to Roquemore and also class demand to Defendant CU based on my call with Morris also ask him about my math with double billing | | | | |
| 12/5/2018 | Tommy Lyons | 450.00 | 1.94 | 870.75 | Billable |
| 1047364 | SETTLEMENT STRATEGY | | | | |
| | drafting demand to Wings attorney - show to co-counsel first. | | | | |
| 12/12/2018 | Tommy Lyons | 450.00 | 1.08 | 484.88 | Billable |
| 1047432 | Discovery | | | | |
| | review Wings documents new produced #00193-222 / then follow up call with Morris on settlement demand - answer from Wings to be coming in the next week. | | | | |

8/7/2019                       Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
10:51 AM                                      Pre-bill Worksheet                                    Page      6

Kealy, Michelle:Michelle Kealy (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 12/20/2018 1047481 | Tommy Lyons mediation telephone with Chris Morris about AJB mediation on 2/4/19 - then email Rockmore counsel about same date | 450.00 | 0.60 | 270.50 | Billable |
| 1/4/2019 1047581 | Tommy Lyons Negotiations telephone call with morris to discuss Plaintiff's class settlement demand and then finding or agreeing to a mediator since Boylan is now tied up until May - discussing Retired Judge Keyes with Adam and client..then late breaking news that Boylan can do 2/13...checking with client - also need research on damages under UCC.  Then follow up with parker about Rockmore demand | 450.00 | 1.71 | 768.50 | Billable |
| 1/14/2019 1047701 | Tommy Lyons Telephone prepare for and then participate in call with Tony Parker about settlement | 450.00 | 0.24 | 107.63 | Billable |
| 1/30/2019 1047911 | Tommy Lyons Negotiations With Rouquemore about settlement of the inidividual case | 450.00 | 0.39 | 173.38 | Billable |
| 2/6/2019 1047965 | Tommy Lyons mediation review the mediation statement, editing, revising and drafting | 450.00 | 2.35 | 1,057.13 | Billable |
| 2/8/2019 1047991 | Tommy Lyons Negotiations with Parker about settling on contingent with Rouquemore | 450.00 | 0.41 | 184.25 | Billable |
| 2/13/2019 1048055 | Tommy Lyons mediation prepare for and then attend mediation morning session | 450.00 | 4.29 | 1,930.50 | Billable |
| 2/13/2019 1048059 | Tommy Lyons mediation afternoon seession before AJB | 450.00 | 6.66 | 2,995.13 | Billable |
| 3/19/2019 1048383 | Tommy Lyons settlement agreement reviewing, revising and editing and the settlement agreement and class notice + also getting competing bid from other class administrator, then editing the individual call claim settlement agreeement with Roqueore and send all to Adam for review and comments | 450.00 | 3.91 | 1,761.63 | Billable |
| 3/26/2019 1048439 | Tommy Lyons Review Review and revising final version of the settlement agreements for the individual settlement and then the class | 450.00 | 2.64 | 1,186.38 | Billable |

8/7/2019
10:51 AM

Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
Pre-bill Worksheet

Page     7

Kealy, Michelle:Michelle Kealy (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 4/3/2019 1048500 | Tommy Lyons class approval call with Adam and then Morris about the class and disbursments and also notice via websites and bids from analytics and first class | 450.00 | 1.24 | 557.88 | Billable |
| 4/30/2019 1048701 | Tommy Lyons E-Mail review Morris' redline edits to settlement agreement and questions concerning how to distribute cash | 450.00 | 1.32 | 594.88 | Billable |
| 6/3/2019 1048899 | Tommy Lyons Settlement going over class data information on the 22 class members who had more than 1 and as many as 3 repos / then speak with Adam about same - review the settlement documents to see what is left | 450.00 | 1.82 | 817.63 | Billable |
| 6/10/2019 1048922 | Tommy Lyons Motion Practice final review of motion for preliminary approval / sign declaration and settlement agreement | 450.00 | 1.05 | 473.00 | Billable |
| 6/26/2019 1049039 | Tommy Lyons Hearing Prep review all documents related to the Motion for Preliminary Approval | 450.00 | 1.39 | 626.50 | Billable |
| 6/27/2019 1049040 | Tommy Lyons Hearing travel to MPLS for Court Appearance for Hearing before JRT on preliminary approval motion / present motion and then meet with Adam to go over timeline and tasks for final approval in October | 450.00 | 1.17 | 528.38 | Billable |
| 7/1/2019 1049065 | Tommy Lyons Motion Practice telephone call from JRT chambers about dates and deadlines for preliminary approval order and then review filed order on 7/1 - then call to class administrator | 450.00 | 0.99 | 444.50 | Billable |
| 7/14/2019 1049129 | Tommy Lyons Review Review telephone IVR script for class administrator and the handwritten edits on the notice from Morris and then response | 450.00 | 0.61 | 275.88 | Billable |
| 8/5/2019 1049285 | Tommy Lyons Motion Practice working Plaintiff's motion for attorney fees and costs /check time records to make sure no double entries, then editing and updating current CV and declaration | 450.00 | 2.49 | 1,121.00 | Billable |
| 8/7/2019 1049313 | Tommy Lyons Motion Practice adding cites to TJR declaration and additonal information to CV | 450.00 | 0.81 | 363.63 | Billable |

8/7/2019            Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
10:51 AM                     Pre-bill Worksheet                            Page     8

Kealy, Michelle:Michelle Kealy (continued)

|  | Amount | Total |
|---|---|---|
| TOTAL     Billable Fees | 92.37 | $41,566.28 |
| Total of billable expense slips |  | $0.00 |

## Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips<br>By billing value on each slip. |  |  |
| Total of billable time slips<br>Total of Fees (Time Charges) | $41,566.28 | $41,566.28 |
| Total of Costs (Expense Charges) |  | $0.00 |
| Total new charges |  | $41,566.28 |
| New Balance<br>Current | $41,566.28 |  |
| Total New Balance |  | $41,566.28 |

## Timekeeper Summary

| Timekeeper | Rate | Hours | Charges | Slip Value | Adjustment |
|---|---|---|---|---|---|
| TJR | 450.00 | 92.37 | $41,566.28 | $41,566.28 | 0.00 |

# EXHIBIT C

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JENNIFER ROTH, *on behalf of herself and others similarly situated*, | Civil No. 16-2476 (JRT) |
| Plaintiff, | **ORDER** |
| v. | |
| LIFE TIME FITNESS, INC., LTF CLUB OPERATIONS COMPANY, INC., LTF CLUB MANAGEMENT COMPANY, LLC, and LTF YOGA COMPANY, LLC | |
| Defendants. | |

Daniel R. Karon, **KARON LLC**, 700 W. Saint Claire Avenue, Suite 200, Cleveland, OH 44113, and Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, W1050 First National Bank Building, 332 Minnesota Street, Saint Paul, MN 55101, for plaintiff.

Elizabeth S. Gerling, **JACKSON LEWIS P.C.**, 150 South Fifth Street, Suite 3500, Minneapolis, MN 55402, for defendants.

This matter came before the Court on two motions by Plaintiff Jennifer Roth. First, Roth moved for final approval of settlement, certification of class, and appointment of class representative and class counsel. (Mot. for Approval, Jan. 18, 2019, Docket No. 71.) Next, Roth moved for attorneys' fees, expenses, and class representative award. (Mot. for Attorney Fees, Jan. 18, 2019, Docket No. 77.) Because the Court will find that certification

of the class is appropriate, and that the requested attorneys' fees, expenses, and class representative award are reasonable, the Court will grant both motions.

Roth brought this action on behalf of herself and all others similarly situated against Defendants Life Time Fitness, Inc., LTF Club Operations Company, Inc., LTF Club Management Company, LLC, and LTF Yoga Company, LLC (collectively "Life Time" or "Defendants") for violating the Ohio Prompt Pay Act or, alternatively, for unjust enrichment. (2d Am. Compl. ¶¶ 26-34, Sept. 21, 2018, Docket No. 61.) Roth alleged that Life Time failed to compensate group fitness instructors for work done before and after they taught fitness classes. (*Id.* ¶¶ 10-18.)

On October 24, 2018, the Court entered an Order granting preliminary approval of the proposed class Settlement. (Preliminary Approval Order at 1, Oct. 24, 2018, Docket No. 69.) The Order preliminarily certified a class for settlement purposes under Federal Rule of Civil Procedure 23(b)(3), preliminarily approved the terms of the settlement, and approved notice to the Rule 23 Settlement Class. (*See generally id.*)

Roth's attorneys, through a class-action administration company called Simpluris, Inc., sent claim packets to all Class Members, which included the court-approved notice and instructions on how to file a claim. (*See* Decl. of Garrett D. Blanchfield ¶ 2; Ex. A at 12, Sept. 21, 2018, Docket No. 64-1.) For Class Members who did not file a claim within 21 days, Simpluris phoned them. (Decl. of Jeremiah Kincannon ¶ 7, Jan. 18, 2019, Docket No. 75.) Of the 283 mailers that were sent out, 100 class members submitted claims, only one Class Member opted out, and no Class Member objected to the settlement. (*Id.* ¶ 8.) Total claims amounted to $115,681.10. (*Id.* ¶ 9.)

Collectively, Roth's counsel worked on this case for a total of 2224.57 hours.[1]  Life Time's counsel spent 871.8 hours on this case.  (Decl. of Eric R. Magnus ¶ 3, Feb. 15, 2019, Docket No. 90.)  Roth's counsel's rates are summarized in the table below.

| Firm | Partner Rate (average) | Associate Rate (average) | Paralegal Rate |
|------|------|------|------|
| Karon LLC | $696 | $457 | N/A |
| Shindler, Anderson, Goplerud & Weese, P.C. | $600 | $280 | N/A |
| RoscaLaw LLC | $700 | $300 | N/A |
| Reinhardt Wendorf & Blanchfield | $730 | $439 | $250 |

(Karon Second at 3; Goplerud Decl. at 3; Rosca Decl. at 4; Blanchfield 2d at 3-4.)

Plaintiff now seeks judicial approval of the class settlement, appointment of class representative and counsel, attorneys' fees, reimbursement for expenses, and a class representative service award.

## DISCUSSION

### I.   CLASS ACTION SETTLEMENT

On October 24, 2018, this Court preliminarily approved the Class Settlement Agreement.  (Preliminary Approval Order.)  Now, Plaintiffs move for final approval.

---

[1] (*See* 2d Decl. of Daniel R. Karon ("Karon 2d") ¶ 3, Jan. 18, 2019, Docket No. 83; Decl. of J. Barton Goplerud ("Goplerud Decl.") ¶ 3, Jan. 18, 2019, Docket No. 84; Decl. of Alan Rosca ("Rosca Decl.") ¶ 3, Jan. 18, 2019, Docket No. 85; Decl. of Garrett D. Blanchfield ("Blanchfield 2d") ¶ 3, Jan. 18, 2019, Docket No. 86.)

Under Federal Rule of Civil Procedure 23 the Court finds that certification of a class is appropriate and hereby certifies the class as set forth in Paragraph 3 of the Preliminary Approval Order.

The Court further finds that the transmission of Notice of Proposed Class Action Settlement by U.S. mail was appropriate in the circumstances of this case and that such notice satisfied the requirements of due process and Rule 23.

The Court appoints Karon LLC, Shindler, Anderson, Goplerud & Weese, P.C. RoscaLaw LLC, and Reinhardt Wendorf & Blanchfield as Joint Settlement Class Counsel. The Court appoints Jennifer Roth as Class Representative.

Finally, the Court finds that the settlement is fair, adequate, and reasonable, and hereby approves the Class Settlement Agreement submitted by the parties.  This includes the creation of Settlement Fund by Defendants in the amount of $725,000.  The first portion of the Settlement Fund is a Class Member Fund of up to $276,743.40 to be distributed to Settlement Class Members.  The Class Member Fund is comprised of (1) up to $269,243.40 allocable to eligible Settlement Class Members who timely file a claim and (2) $7,500 allocable to Jennifer Roth, the named plaintiff, as a service award.  The second portion of the Settlement Fund is a Fees and Costs Fund of up to $448,256.60 for payment of attorneys' fees and costs and claims administration expense.

## II.    ATTORNEYS' FEES

Roth also seeks $428,004.81 in attorneys' fees.  In determining a reasonable award of attorneys' fees, the Court begins with the "lodestar" amount, obtained by calculating

"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005). The Court must also consider "the [party]'s overall success; the necessity and usefulness of the [party]'s activity in the particular matter for which fees are requested; and the efficiency with which the [party]'s attorneys conducted that activity." *Jenkins ex rel. Jenkins v. Missouri,* 127 F.3d 709, 718 (8th Cir. 1997). The Court must exclude claimed hours that are not "reasonably expended," such as hours that are "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. "The most critical factor in assessing fees is the degree of success obtained." *Jenkins ex rel. Jenkins,* 127 F.3d at 716; *Fish v. St. Cloud State Univ.,* 295 F.3d 849, 852 (8th Cir. 2002).

The Court finds that Roth's level of success warrants an award of attorneys' fees. Although the settlement is only for two of Roth's original twenty-three claims, Roth's success on those claims serves a public good. Furthermore, the attorney's fees request was reduced from a total lodestar over $1,000,000 to roughly a third of total lodestar. The Court finds that this adequately represents the degree of success Roth achieved.

The Court further finds that the number of hours worked and the fees incurred were reasonable. Although Roth's attorneys expended significantly more hours than Defendant's attorneys, the Court finds the hours reasonable. Roth's attorneys state that

they excluded hours worked on Roth's multi-state claims, and whatever multi-state claims hours remain have been heavily discounted.  Lastly, the fees charged by Roth's attorneys are within reasonable ranges for similar work.  *Austin v. Metro. Council*, Civ. No. 11-3621 (D. Minn. Mar. 27, 2012) (stating that a rate of $500 per hour is at the low end of complex class action rates); *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057 (D. Minn. 2010) (approving partner rates up to $850 per hour and associate rates up to $410 per hour).  Thus, the Court will grant Roth's motion for attorneys' fees in the full amount requested of $428,004.81.

## III.   EXPENSES AND CLASS REPRESENTATIVE AWARD

Roth seeks $20,251.79 in expenses, and $7,500 in class representative award.  The Court will grant Roth's motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Final Approval of Class Settlement [Docket No. 71] is **GRANTED**.

2.  Plaintiff's motion for Attorney Fees, Expenses, and Class Representative Award [Docket No. 77] is **GRANTED**.

3.  Within 30 days of the entry of this Order, the Settlement Administrator shall calculate and pay via check from the Settlement Fund each Class Member who timely submitted a valid claim based on the number of weeks they taught

group fitness classes for Defendants in Ohio between August 1, 2013 to August 1, 2015. Any funds that remain in the Settlement Fund after distributions shall remain in Defendants' possession.

4. Upon creation of the Settlement Fund, the Settlement Administrator is authorized and directed to make disbursements as follows:

    a. The Settlement Administrator shall pay to Plaintiff $7,500.00, such amount representing an incentive awards for her service as class representative, from the Class Member Fund. Such payment shall be made payable to the order of Karon LLC and delivered to Plaintiff's counsel Daniel Karon.

    b. The Settlement Administrator shall pay to Class Counsel the sum of $428,004.81 (representing the Court's award of attorneys' fees) plus $20,251.79 (representing reimbursement of expenses) from the Fees and Costs Fund. Such payments are to be made by issuance of a single check in the amount of $448,256.60 made payable to the order of Karon LLC and delivered to Plaintiff's counsel Daniel Karon.

5. If there are sufficient funds available in the Fees and Costs Fund after the Court's award of attorneys' fees and costs, Defendants will pay for claims administration expense from the Fees and Costs Fund; if there are not, then Defendants will separately pay the claims administration expense.

6. All claims in this case are hereby dismissed with prejudice and all Class Members are hereby enjoined from prosecuting settled claims.

7. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Class Settlement Agreement and of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 22, 2019
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court

-8-